Bruce FRANKS, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

June 30, 1976.

Certiorari Denied by Supreme Court
Sept. 7, 1976.

H. T. Etheridge, Jr., Jackson, for appellant.

R. A. Ashley, Jr., Atty. Gen., Robert A. Grunow, Asst. Atty. Gen., Nashville, John L. Williams, Dist. Atty. Gen., Huntingdon, for appellee.

OPINION

RUSSELL, Judge.

Bruce Franks appeals his conviction for assault and battery with the intent to commit rape, his sentence being set at three to five years in the penitentiary.

Franks and three other young men picked up three young girls, two aged thirteen and one fourteen, at a skating rink. They kept the girls at the home of one of the boys all night, during which time Franks and Terry Hodges, according to the State's proof, raped thirteen-year-old Angela Hopper.

█ The first assignment of error is that the evidence is insufficient to support the verdict and is contrary to the law, but a review of this record reflects that this assignment is meritless.

█ The second assignment of error complains of the overruling of Franks' motion for a severance. Franks did not want to be tried with Hodges, and a third co-defendant who was exonerated. Franks was indicted separately from the other two, but the trial judge very properly ordered the charges tried at the same time since the respective offenses were committed at the same place upon the same girl, Franks actually holding her for Hodges to accomplish his purpose. This assignment is without merit.

█ Franks complains that he was guilty of rape or no crime, and that the verdict was a compromise. We find that the evidence clearly makes out a consummated forcible rape, but the jury in its judgment found that conviction of the included offense would serve the ends of justice. Franks was not prejudiced, and cannot be heard to complain. *Craig v. State*, Tenn.Cr. App., 524 S.W.2d 504 (1974).

█ Error is assigned upon the trial judge's refusal to order a mistrial after

each of two improper comments by the victim's mother. The first occurred when Mrs. Hopper was advised that she could not sit at the counsel table with the prosecuting attorney. She stated, in the hearing of the jury: "They know that I know the truth—that is why they don't want me to sit here". The learned, experienced and conscientious trial judge immediately responded by sending the jury out, and carefully explained to Mrs. Hopper why she could not sit at the counsel table, and, inter alia, ordered her not to make any statements to anyone in the presence of the jury. She said that she was sorry, the jury was brought back in, the trial judge carefully instructed them to disregard the statement, and received affirmative assurance from each juror that this instruction would be followed.

The second outburst by Mrs. Hopper occurred during the jury argument of defense attorney Ross. The record shows that: "Mrs. Hopper, mother of victim gets up and starts crying and screaming and says 'they are all liars, the lawyers are liars'." Mrs. Hopper was ordered carried out of the court room, and the jury was sent out. Motions for a mistrial were heard and overruled and the jury brought back in and instructed:

"Ladies and gentlemen of the jury, the Court regrets this outbreak. I regret that it did happen in this court, and this court is interested in everyone getting a fair trial, and I want to know at this time if you all can disregard this outburst by Mrs. Hopper, that has occurred here, put it in the back of your mind and give these defendants a fair and impartial trial and have no sympathy one way or the other, and try this case solely and alone upon the testimony presented. Do you think you can do this?"

The judge then polled the jurors separately, and each nodded affirmatively. The court said further:

"Alright, I instruct you then that you will absolutely disregard this instance, and you say that you will, and decide the case solely and alone upon the testimony that has been presented in court."

We hold that in both instances the trial judge responded in a way to eliminate any possible prejudice from these occurrences. Franks forcibly raped a thirteen year old girl who was an apparent virgin who had not yet even matured into womanhood, causing physical damage that necessitated a week's hospitalization. Franks was seventeen at the time. He then held her arms until his eighteen year old companion, Terry Hodges, could get atop her. (Incidentally, Hodges did not appeal his conviction.) We judge that no prejudice resulted to Franks from the misconduct of Mrs. Hopper.

The final complaint of Franks, that the testimony of Mrs. Hopper should have been excluded, is without merit, since Mrs. Hopper did not testify.

Affirmed.

WALKER, P. J., and DUNCAN, J., concur.